IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BARANOWSKI | CIVIL ACTION |
| Plaintiff | |
| v. | NO: |
| NATIONAL ASSET RECOVERY SERVICES, INC. | COMPLAINT |
| | ELECTRONICALLY FILED |
| Defendant | |

# COMPLAINT

## I. INTRODUCTION

1. This is an action for damages brought by James Baranowski, an individual consumer for Defendant, National Asset Recovery Services, Inc., violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

2. The FDCPA prohibits collectors from engaging in deceptive and unfair practices in the collection of consumer debts.

3. National Asset Recovery Services, Inc., is subject to strict liability for conduct which violates the provisions of the FDCPA.

## II. JURISDICTION

4. Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §§ 1331, 1337.

## III. PARTIES

5. Plaintiff is James F. Baranowski, ("Mr. Baranowski") who resides in Lackawanna County, Pennsylvania.

6. National Asset Recovery Services, Inc., ("NARS"), is a foreign corporation with offices for the regular transaction of business located at 16253 Swingley Ridge Road, St. Louis, Missouri 63017. NARS regularly transacts business in this district.

7. NARS regularly engages in the collection of consumer debts using the mails and telephone.

8. NARS regularly attempts to collect consumer debts alleged to be due another.

9. NARS is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

## IV. STATEMENT OF CLAIM

10. On or about August 31, 2010, at approximately 2:26 p.m., Mr. Baranowski received a of telephone call ("1st Call") from NARS attempting to collect an alleged debt that arose out of a transaction which was incurred primarily for personal, family or household purposes ("Debt").

11. Specifically, Brian Davis, ("Mr. Davis"), a representative, employee and/or agent of the NARS left voice mail message during the 1st call on Mr. Baranowski's voice mail as follows:

> Hello Mr. Baranowski, this is Brian Davis calling um, I've left you a couple of messages, I need to talk to you about this paperwork we are suppose to send out to Atlas Copco uh payroll department. Please give me a call back as soon as possible 866-415-1666 and refer to case number 4167541. That's case number 4167541. Thanks.

12. During the 1st call, Mr. Davis implied that Mr. Baranowski's wages were going to be garnished when he stated that he was calling about papers that NARS was suppose to send out to his employers payroll department.

13. The above-referenced telephone call constitutes a "communication" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(2).

14. At all times relevant and material hereto, Mr. Davis was an employee, agent and/or servant of NARS and acted with the knowledge and direction of NARS and his actions as agent are imputed to his principal, NARS.

15. Thereafter, at approximately 4:49 p.m. on August 31, 2010, Mr. Baranowski telephoned (hereinafter the "2nd Call") NARS' agent, Mr. Davis in response to the previous voice mail message.

16. During the 2nd call, NARS' agent, Mr. Davis, attempt to collect the alleged debt from Mr. Baranowski.

17. During the 2nd call, Mr. Davis stated to Mr. Baranowski that Mr. Baranowski would be sued, that there would be a court date and that the court or judge would order his wages to be garnished to collect the alleged debt.

18. During the 2nd call Mr. Davis specifically stated that wage garnishment was permissible and that an order to that effect would be issued.

19. By implying in the 1st call and specifically stating in the 2nd call that wage garnishment was permissible Mr. Davis' statements were designed to create a false sense of urgency in connection with the collection of a debt.

20. Section 1692e(4) of the FDCPA prohibits a debt collector from representing or implying that the nonpayment of any debt will result in the garnishment of wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

21. The representations made by NARS' agent states or implies that Plaintiff's wages are subject to garnishment on account of the alleged debt.

22. Pennsylvania law prohibits wage garnishment as a remedy for the collection of a civil judgment, except in very narrow circumstances not present here. 42 Pa. C.S.A. § 8127.

23. The FDCPA prohibits a debt collector from using false, deceptive and misleading means to collect any debt, including the threat to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. §§1692e, 1962e(5).

24. The threats of wage garnishment by NARS was designed to deceive and mislead Mr. Baranowski into thinking that wage garnishment was permissible to create a false sense of urgency in connection with the collection of a debt.

25. The representations made in the telephone calls from NARS' agent to Mr. Baranowski was false, deceptive and/or misleading in violation of the FDCPA.

26. The FDCPA prohibits a debt collector from using false representations or deceptive means to collect or attempt to collect any debt. 15 U.S.C. §§1692e, 1962e(10).

27. NARS, through its agent, acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing the Mr. Baranowski to pay the alleged debt.

28. The FDCPA requires a debt collector to notify the consumer in all subsequent communications that the communication is from a debt collector. 15 U.S.C. § 1692e(11).

29. NARS knew it was required to disclose that it was a debt collector in each subsequent communication with the Plaintiff.

30. NARS, through its agent, employee and/or representative, failed to provide the statutorily required notice in the 1st call with Plaintiff in violation of section 1692e(11) of the FDCPA.

31. NARS knew or should have known that their actions violated the FDCPA. Additionally, NARS could have taken the steps necessary to bring their and their agents actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

32. At all times pertinent hereto, NARS was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the NARS .

33. As a result of NARS conduct, Mr. Baranowski has sustained emotional and mental pain and anguish in the form of anxiety, loss of sleep, loss of appetite, nervousness and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great loss and detriment.

# COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

**JAMES BARANOWSKI**
v.
**NATIONAL ASSET RECOVERY SERVICES, INC.**

34. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

35. NARS' conduct as set forth above violated the Fair Debt Collection Practices Act in the following ways:

> (a) by using false, deceptive and misleading means to collect any debt, including the threat to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. §§1692e, 1962e(5);

> (b) by engaging in harassing, oppressive, or abusive conduct in connection with the collection of a debt claimed due, in violation of 15 U.S.C. §1692d;

> (c) by representing or implying that the nonpayment of any debt will result in the garnishment of wages in violation of 15 U.S.C. §1692e(4);

(d) by failing to notify the plaintiff in the 1st and 2nd call that the communication is from a debt collector in violation of 15 U.S.C. § 1692e(11).

WHEREFORE, Plaintiff, James Baranowski demands judgment against Defendant, National Asset Recovery Services, Inc., for:

(a) Statutory Damages;

(b) Attorney's fees and costs; and

(c) Such other and further relief as the Court shall deem just and proper.

### V. DEMAND FOR JURY TRIAL

Mr. Baranoski demands a trial by jury as to all issues so triable.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| **KELLEY & POLISHAN, LLC** | **BUSCARINI LAW FIRM** |
| S/PATRICK WALSH/87931 | S/CARRIE BUSCARINI/86705 |
| PATRICK WALSH, ESQUIRE | CARRIE BUSCARINI, ESQUIRE |
| 259 S. KEYSER AVE. | THE MOORE BUILDING |
| OLD FORGE, PA 18518 | 421 SOUTH STATE STREET |
| PHONE: (570) 562-4520 | CLARKS SUMMIT, PA 18411 |
| EMAIL: pwalsh@kelleypolishanlaw.com | PHONE: 570-586-3811 |
| | EMAIL: cbuscarini@epix.net |
| **ATTORNEYS FOR PLAINTIFF JAMES BARANOWSKI** | |